**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**KHEPRA KESUANU ANU,**

**Plaintiff,**

**v.**

**WELLS FARGO BANK, N.A., *et al.*,**

**Defendants.**

**Civil Action No. 26-2250 (JEB)**

**MEMORANDUM OPINION**

Plaintiff Khepra Anu has brought this *pro se* action under the Fair Credit Reporting Act, contending that multiple banks and consumer-reporting agencies (CRAs) have neglected to correct inaccurate information on his credit report. While some Defendants have settled and others have filed answers, Truist Bank now moves to dismiss. As it correctly points out that the Amended Complaint never alleges that its reporting of an outstanding balance was factually inaccurate, the Court will grant the Motion.

**I. Background**

According to the Amended Complaint, which must be presumed true at this stage, the seven named Defendants — three CRAs and four banks — "fail[ed] to maintain accurate consumer credit information and to conduct reasonable reinvestigations of Plaintiff's timely written disputes." ECF No. 19 (Am. Compl.), ¶ 1. Although Anu "submitted written dispute notices on July 22, 2025[,] and September 20, 2025[,] . . . the consumer reporting agency Defendants continued to report the disputed derogatory information, and the furnisher Defendants verified and continued that reporting rather than correcting or deleting it, in violation

of the Fair Credit Reporting Act." Id., ¶ 2. More specifically, one CRA, Experian Information Solutions, Inc., "reports a Truist Bank credit card account . . . with a credit limit of $500, an account status of charge-off, $700 written off, and $700 past due, reflecting a payment history of 30-, 60-, 90-, and 120-day late payments prior to charge-off." Id., ¶ 33. Although Anu disputed this account, Truist, "[u]pon receiving notice of the dispute from the consumer reporting agencies," "failed to conduct a reasonable investigation and failed to correct, update, or delete its furnishing of the account." Id., ¶ 34.

While the Amended Complaint contains four counts, only the third — for violation of the FCRA — names Truist. Id., ¶¶ 50–57. The bank now moves to dismiss. See ECF No. 24-1 (MTD).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a claim for relief when the complaint "fail[s] to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the court must treat "well-pleaded factual allegations as true" and draw "all reasonable inferences" in the plaintiff's favor. Animal Def. Fund, Inc. v. Vilsack, 111 F.4th 1219, 1223 (D.C. Cir. 2024) (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must also consider factual allegations in an opposition to a motion to dismiss where the plaintiff is *pro se*. Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015). A court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation marks and citation omitted). Though a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III. Analysis**

Anu entitles his third count against Truist (and the other three banks) "Violation of 15 U.S.C. § 1681s-2(b) — Furnisher Liability." Am. Compl. at ECF p. 12. The Fair Credit Reporting Act, located in that part of the U.S. Code, was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting 15 U.S.C. § 1681(a)(4)). "Section 1681s-2 sets forth '[r]esponsibilities of furnishers of information to consumer reporting agencies.'" Id. at 1154. Here, neither party disputes that Truist is a "furnisher" of information for FCRA purposes. Cf. Chiang v. Verizon New England, Inc., 595 F.3d 26, 35 (1st Cir. 2010) (quoting H.R. Rep. 108-263, at 24 (2003)) (listing common types of furnishers).

The Act imposes certain obligations on furnishers. Relevant here, "a furnisher incurs [additional duties] under § 1681s-2(b) if a consumer disputes the accuracy of information that the furnisher reports." Himmelstein v. Comcast of the Dist., LLC, 931 F. Supp. 2d 48, 52 (D.D.C.

2013) (citation omitted). "If a consumer notifies the CRA that he disputes the accuracy of an item in his file, [the] FCRA requires the CRA to notify the furnisher of the dispute." Id. (citing § 1681i(a)(2)). Once notified, a furnisher must:

> (a) conduct an investigation with respect to the disputed information;
> (b) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) of this title;
> (c) report the results of the investigation to the [CRA]; [and]
> (d) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis . . . .

§ 1681s-2(b)(1). Put another way, "a private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual." SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 359 (3d Cir. 2011); see also Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004) ("While there is not unanimity on the issue, '[t]he majority of courts that have considered the issue' have concluded that there is a private cause of action under § 1681s-2(b) . . . .'") (citations omitted).

Although the D.C. Circuit has yet to weigh in, other courts have listed the elements required to successfully plead an FCRA claim in these circumstances. The Eleventh Circuit, for instance, has held that "[f]irst, a plaintiff cannot recover on a § 1681s-2(b) claim without identifying inaccurate or incomplete information that the furnisher provided to the reporting agency[,] . . . [a]nd second, to prove an investigation was unreasonable, a plaintiff must point out 'some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.'" Milgram v. Chase Bank USA, N.A., 72 F.4th 1212, 1218 (11th Cir. 2023) (citation omitted); see also Hughes v. IQ Data Int'l, Inc., 2016 WL 7406993

(N.D. Cal. Dec. 22, 2016) ("A plaintiff is required to plead and prove four elements to prevail on an FCRA claim against a credit furnisher: '(1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1)(A)–(E).'") (citation omitted).

In this case, Truist does not deny that Anu notified the CRAs about the Truist charge, that the CRA informed it, or that it had an obligation to conduct an investigation. Instead, it maintains that Plaintiff has not sufficiently pled the inadequacy of such investigation or that the information passed on to the CRAs was in fact false. See MTD at 1, 4–6. The Court need only consider the latter point.

As noted above, Plaintiff alleges that Experian "reports a Truist Bank credit card account . . . with a credit limit of $500, an account status of charge-off, $700 written off, and $700 past due, reflecting a payment history of 30-, 60-, 90-, and 120-day late payments prior to charge-off." Am. Compl., ¶ 33. While Anu states that he "disputed this account in his July 22, 2025[,] and September 20, 2025[,] written disputes," id., ¶ 34, he never alleges that these sums were not past due or that there was any other inaccuracy. In other words, he may well have owed $700 and not made prompt payments on the debt. If Truist is not responsible for any actual inaccuracy on his credit report, he has not made out a claim against the bank.

**IV. Conclusion**

For the foregoing reasons, the Court will grant Truist's Motion to Dismiss. An Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 22, 2026